UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KATHRYN FRANK,

Plaintiff,

v. Case No.: 5:25-cv-635-JEP-PRL

LISA MARIA SCHICK,

Defendant.
_______________________________/

**ORDER**

**THIS CAUSE** is before this Court on Defendant's Motion to Dismiss (Doc. 4) and Plaintiff's response in opposition (Doc. 7). For the following reasons, the motion will be denied.

**I.**[1]

From about June 2018 to June 2024, Plaintiff Kathryn Frank was a life insurance agent for Ameritas Life Insurance Corporation ("**Ameritas**"). (Doc. 1, ¶¶ 3, 10). On April 25, 2022, Frank issued life insurance policies (the "**Policies**") to Defendant Lisa Maria Schick and her husband. (*Id.* ¶¶ 13–15, 20–21). In completing the transaction with the Policies, the parties did not

[1] Unless otherwise noted, all facts in this section are taken from the operative complaint and are assumed true only for purposes of adjudicating the motion to dismiss.

meet in person and interacted only online. (*See* Doc. 1-10 at 2).[2] Although Frank is domiciled in Texas, she alleges that she is licensed to sell insurance in Florida and that "the Policies were issued in Florida." (Doc. 1, ¶¶ 36, 40; *see also id.* ¶ 5; Doc. 1-4 at 1–2; Doc. 1-18 at 1–2). On the other hand, while Schick claims that she was a New Jersey resident at the time of the purchase, (Doc. 1-6 at 4–5, *see also* Doc. 4 at 5), Frank alleges that this is false, (*see* Doc. 1, ¶ 82; Doc. 1-18 at 2). In any event, Schick became a resident and domiciliary of Florida at some point in or before 2023. (Doc. 1, ¶ 6; *see, e.g.*, Doc. 1-4 at 1).

In 2023, Schick began seeking cancellation of the Policies and a refund. She first submitted complaints to Frank's co-agent and Ameritas in July 2023 alleging that Frank made certain misrepresentations in connection with the sale of the Policies, among other claims of misconduct. (Doc. 1, ¶¶ 27, 32). Frank's broker-dealer and Ameritas investigated the respective complaints but concluded that each was unfounded and took no further action. (*Id.* ¶¶ 30–31, 33–34). Then, in September 2023, Schick filed complaints with the New Jersey Department of Insurance, Florida Department of Financial Services ("**Florida DFS**"), and Texas Department of Insurance. (*Id.* ¶¶ 35, 37, 39). Allegedly, after filing in New Jersey, Schick "was advised to file a claim" in Florida, and after

[2] In evaluating a motion to dismiss, a court may consider attachments to a complaint. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) ("When considering a motion to dismiss, . . . the court limits its consideration to the pleadings and exhibits attached thereto." (quotation omitted)).

filing in Florida, Schick "was advised to file a claim" in Texas. (*Id.* ¶¶ 36, 38). The Texas Department of Insurance dismissed Schick's complaint after concluding that it "[did] not have jurisdiction since the policy was issued in Florida." (Doc. 1-7 at 1; *see also* Doc. 1, ¶ 40).

On November 14, 2023, Schick filed another complaint with Florida DFS. (Doc. 1, ¶ 41). After a representative of Florida DFS requested additional information, Schick allegedly "made untrue and defamatory statements . . . regarding [Frank] and the issuance of the Policies" on December 19, 2023. (*Id.* ¶¶ 42–43; *see id.* ¶¶ 44–54). Specifically, Schick wrote to Florida DFS that Frank, among other things, sold insurance policies that were "destined to fail," "took control of [Schick and her husband's] assets away from [them]," "lied to [the Schicks] throughout the process . . . [for] her and [Ameritas's] gain," was not licensed to sell insurance in Florida, and overstated the Schicks' income "by 300%" in the applications for the Policies. (*Id.* ¶¶ 44–45, 49, 51–52) (quotations omitted).

Subsequently, on December 28, the Florida DFS representative contacted Ameritas requesting that "the company immediately afford Mr. and Mrs. Schick a settlement and release, rescinding the policies and return all premiums received from them" "[b]ased on what appear to be multiple violations of statute and FAC by [Frank]." (*Id.* ¶¶ 58–59; Doc. 1-13 at 2). Accordingly, Ameritas began another internal investigation regarding the

Policies. (Doc. 1, ¶ 60). On January 31, 2024, Ameritas rescinded the Policies, refunded the Schicks, and charged back all commissions Frank received in connection with the sale of the Policies. (*Id.* ¶ 73).

Frank alleges that as a result of Schick's statements to Florida DFS in November and December 2023, she suffered reputational and economic damages, "including the loss of her commissions," "expenditures for attorneys' fees to defend against [Schick's] false claims," and termination of her employment with Ameritas. (*Id.* ¶¶ 92, 99, 106). Accordingly, Frank brings the instant case against Schick alleging claims of defamation *per se* (Count I), defamation *per quod* (Count II), and punitive damages (Count III). (*Id.* at 15–19).

**II.**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss under Rule 12(b)(6) challenges "the facial sufficiency of the statement of claim for relief." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). This motion is "viewed with disfavor and rarely granted." *Id.* at 1369.

In adjudicating a Rule 12(b)(6) motion, a court accepts as true the complaint's well-pleaded factual allegations and construes them in the light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). The pleading must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

**III.**

Schick argues that this Court should dismiss this case because Texas's one-year statute of limitations bars Frank's defamation claims, while Frank responds that her claims survive under Florida's two-year statute of limitations. (*See* Doc. 4 at 2–6; Doc. 7 at 1–4). Consequently, this Court must determine whether Frank's claims arose in Texas or Florida and which state's statute of limitations applies.

"Federal courts sitting in diversity apply the substantive law of the state in which the case arose," *Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119,

1132 (11th Cir. 2010) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)), including the forum state's conflict-of-law rules, *Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Because Frank filed this case in a Florida federal district court, Florida's conflict-of-law rules control. *Judge v. Am. Motors Corp.*, 908 F.2d 1565, 1567 (11th Cir. 1990).

The Florida Supreme Court has held that to determine the state in which a cause of action arose and which state's statute of limitations applies, a court should apply the "most significant relationship" test set out in Restatement (Second) of Conflict of Laws § 145 (A.L.I. 1971). *Bates v. Cook, Inc.*, 509 So. 2d 1112, 1114–15 (Fla. 1987). Under this test, to determine which state has the more significant relationship to a cause of action, the court must consider the following contacts: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil[e], residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." Restatement (Second) of Conflict of Laws § 145(2); *Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980).

The court must evaluate each factor "according to [its] relative importance with respect to the particular issue." Restatement (Second) of Conflict of Laws § 145; *Bishop*, 389 So. 2d at 1001. For defamation claims, the

most important factor is, generally, the location of the conduct causing injury. *See* Restatement (Second) of Conflict of Laws § 149 ("In an action for defamation, the local law of the state where the publication occurs determines the rights and liabilities of the parties . . . unless, with respect to the particular issue, some other state has a more significant relationship . . . to the occurrence and the parties[.]"); *see also Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1214 (Fla. 2010) ("[T]he tort of defamation is committed in the place where the defamatory material is published." (citation omitted)). Accordingly, this Court analyzes each factor in turn.

First, this Court examines the location of the injury. Schick argues that Frank's injuries occurred in Texas because "the allegedly defamatory statements impact her ability to practice in Texas," her economic damages occurred in Texas given that her Ameritas employment "primarily centered around her work in Texas" and that Ameritas "clawed back" the Policy's commissions "from [Frank's] Texas accounts," and that "all evidence related to her injuries will come from Texas witnesses." (Doc. 4 at 5). But these arguments, even if taken as true, do not rule out whether the alleged defamatory statements injured Frank in Florida as well. As Frank asserts, because she is a licensed insurance agent in Florida and Florida DFS heard the complaints regarding the Florida-based Policies, she also suffered injury in Florida. (Doc. 7 at 3); *see Middleton v. The Hollywood Rep. LLC*, 137 F.4th

1287, 1298 (11th Cir. 2025) (discussing how the plaintiff could have suffered injuries from alleged defamatory statements in the states where he worked and conducted business, as well as the state where the defendant made the statement). Therefore, the first factor does not weigh in favor of either Texas or Florida.

Second, this Court examines the location of the conduct that caused the injury. As Frank points out, Schick made the alleged defamatory statements in front of a Florida state agency. (Doc. 1, ¶¶ 41, 43; Doc. 7 at 3). Because the location of the alleged defamatory conduct undoubtedly took place in Florida, the second factor—the most important one—weighs in favor of Florida. *See, e.g.*, *Middleton*, 137 F.4th at 1298–99 (concluding that the second factor weighed in favor of the state where a defendant published the alleged defamatory material).

Third, this Court examines the domicile and residence of the parties. Although "[t]he fact . . . that one of the parties is domiciled or does business in a given state will usually carry little weight of itself[,] . . . the fact that the domicil[e] and place of business of all parties are grouped in a single state is an important factor to be considered." Restatement (Second) of Conflict of Laws § 145 cmt. e. Here, however, the parties do not have any state in common: Plaintiff is domiciled in Texas, while Schick is domiciled in Florida and may have been a resident of New Jersey. (Doc. 1, ¶¶ 5–6, 82). Accordingly, the third

factor does not weigh in favor of either Texas or Florida. *See Universal Physician Servs., LLC v. Del Zotto*, No. 8:16-cv-1274-T, 2019 WL 6033062, at *6 (M.D. Fla. Nov. 14, 2019) (concluding that the third factor was "inconclusive" because the parties were domiciled in different states).

Fourth, this Court examines the location of the parties' relationship. The relationship between Frank and Schick originates from the Policies, which Frank issued in Florida. (Doc. 16, ¶¶ 36, 40); *see Gunnam v. Hicks*, No. 6:23-cv-1715-JSS, 2024 WL 3634950, *2 (M.D. Fla. May 31, 2024) (concluding that the parties' relationship centered around the state in which the parties expected to perform the contract and where the alleged contract breach occurred). Nonetheless, Schick asserts that "[Frank's] entire dealings with [Schick] were done remotely from [Frank's] Texas office," "the [P]olicies were signed remotely and delivered by mail/federal express from the Texas office," and that she did not live in Florida until after purchasing the Policies. (Doc. 4 at 5). But because the parties completed the sale process "remotely," as Schick admits, (*id.*), these assertions are insufficient to tilt the analysis in favor of any state, *see Tobinick v. Novella*, 108 F. Supp. 3d 1299, 1304 (S.D. Fla. 2015) (concluding that the parties' relationship in an anti-SLAPP case did not center around any state because their interactions took place only online). Accordingly, the fourth factor weighs at least slightly in favor of Florida.

In sum, the second and fourth factors point to Florida as the state where this cause of action arose, and no factor points decisively towards Texas. Therefore, this Court will apply Florida law to determine whether the applicable statute of limitations bars Frank's defamation claims.

Florida's statute of limitations on defamation claims is two years from the date of publication. Fla. Stat §§ 95.11(5)(h), 770.07, 95.031. Here, Schick made the alleged defamatory statements in November and December 2023, within two years of the filing of the complaint on October 9, 2025. (Doc. 1, ¶¶ 41–54).[3] Frank thus timely filed her defamation claims against Schick.

Accordingly, it is **ORDERED**:

1. Schick's Motion to Dismiss (Doc. 4) is **DENIED**.

2. On or before **August 31, 2026**, Schick must file a responsive pleading to the complaint.

---

[3] Schick contends that to the extent Frank brings defamation claims for statements made prior to November 2023, some of those claims are barred by Florida's two-year statute of limitations. (Doc. 4 at 7). Upon review of the complaint, this Court concludes that Frank brings defamation claims only as to the statements Schick made to Florida DFS in November and December 2023. (*See* Doc. 1, ¶¶ 88–90, 94–98) (mentioning "these statements" but in context bringing claims only as to the statements made before the Florida DFS).

**DONE** and **ORDERED** in Jacksonville, Florida on August 17, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record